BOYD, Justice.
This cause is before us on appeal from the Circuit Court of Dade County. That Court passed directly on the validity of Florida Statutes § 357.08, F.S.A., giving this Court jurisdiction under § 4, Article V of the Florida Constitution, F.S.A.
Plaintiff, appellee herein, brought suit against defendant, appellant herein, alleging negligent operation of appellant’s train at a crossing near Chattahoochee, Florida, in Gadsden County. Appellee charged appellant with negligence in failing to place a fusee on the roadway pursuant to Florida Statutes § 357.08, F.S.A. The railroad denied any negligence, raised defenses of contributory negligence and third party negligence and challenged the constitutionality of § 357.08 on the grounds that it is vague, ambiguous and does not specify a standard with any decree of certainty.
The trial court denied appellant’s motion to hold the Statute unconstitutional and charged the jury that violation of the Statute would be evidence of negligence on the part of the railroad. The jury returned a verdict in favor of appellee.
Florida Statutes § 357.08, provides:
“(1) Whenever a railroad train shall engage in a switching operation or stop so as to block a public highway, road or street at any time from one half hour after sunset to one half hour before sunrise, the crew of such railroad train shall cause to be placed a lighted fusee or other visual warning' device in both directions from such railroad train upon or at the edge of the pavement of the highway, road or street to warn approaching motorists of the railroad train blocking the highway, road or street; provided, this section shall not apply to railroad crossings at which there are automatic warning devices properly functioning or at which there is adequate lighting.” (e. s.)
Appellant contends that the term “adequate lighting” appearing at the end of subsection (1) of the Statute is so vague and indefinite that it cannot be executed and renders the Statute void. Appellant states that since the Statute does not contain a definition of “adequate lighting” there is nothing to indicate what the Legislature had in mind when this proviso was adopted.
The question before us then is whether Florida Statutes § 357.08, F.S.A. is void because the term “adequate lighting” is not specifically defined. We think not. A common sense interpretation of the term “adequate lighting” read in the context of the whole Statute means lighting sufficient to allow motorists to see trains blocking the road in time to avoid a collision. If the lighting is inadequate for visual detection of the trains, as stated above, lighted fusees or other visual warning devices must be put out.
The Legislature could not feasibly define adequate lighting with any fixed standard such as so many candlepower, since what is adequate will vary according to the circumstances existing at each crossing. If there is doubt as to the adequacy of the lighting, fusees or other warning devices can be placed as provided by the Statute. This is a relatively small burden considering the potential threat to human life posed by trains blocking intersections.
*300 Accordingly, the decision of the trial court is affirmed.
It is so ordered.
ERVIN, C. J., CARLTON, J., SPEC-TOR, District Court Judge, and FRYE, Circuit Judge, concur.