ROBERTS, Justice.
We here review by certiorari an interlocutory order passing upon the constitutionality of a state statute.[1]
Suit was instituted below for the purpose of regaining a teaching position and compensation of the plaintiff, respondent herein. An examination of the file in this cause reveals, and the parties concede, that the teacher is back in her position and payment of her back salary has been made. To that end and for that purpose, the mission of the suit has been accomplished and the cause should be dismissed because the controversy is moot. In such posture, it is not necessary to pass upon the constitutionality vel non of the statute in question either in the interlocutory order or any final decree.
We, therefore, remand the cause to the trial court with directions to expunge the interlocutory order sub judice and dismiss the cause.
It is so ordered.
ADKINS, C. J., and BOYD, OVER-TON, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.

. The cause reached us in the form of an interlocutory appeal, but the appropriate remedy because of the interlocutory nature of the order is a petition for writ of certiorari. Burnsed v. Seaboard Coastline Railroad Company, 290 So.2d 13 (Fla.1974), Article V, Section 3(b)(3), Constitution of Florida.