WALDEN, Chief Judge.
This is an interlocutory appeal from the Circuit Court in an action for damages.
Defendant made a motion to dismiss on the grounds of insufficiency of process and lack of jurisdiction. Defendant specifically challenged the constitutionality of Fla. Stat. § 48.193(1)(f)(2) (1973). The trial court entered the appealed order which denied the motion and specifically and necessarily ruled upon the constitutionality question. The appeal centers solely upon the constitutionality of the statute.
It is our view that our jurisdiction has been improvidently invoked and that the appeal must be transferred to the Supreme Court of Florida, Art. V, Section 3(b) (1), Florida Constitution.
We have studied the case of Burnsed v. Seaboard Coastline Railroad Company, 290 So.2d 13 (Fla.1974), which upon first reading would indicate that only final orders passing upon the validity of a state statute are appealable to the Supreme Court. However, we believe, upon further consideration, that an important distinction exists which points to an exception here.
It is to be noted that this defendant has an absolute right to an interlocutory appeal under F.A.R. Rule 4.2, because it is an interlocutory order relating/to jurisdiction. This was not the case in Burnsed and there only certiorari relief was available provided the court chose to exercise its discretion in that direction, as was done.
*823 In our broad overview of the constitutional provisions regarding court jurisdictions, we feel that District Courts of Appeal are not empowered to secondarily treat constitutional questions. If the constitutional issue is made and ruled upon in the trial court and preserved and presented upon appeal, the matter is cognizable only in the Supreme Court. We are specifically impelled in this direction by the provision in Art. V, Section 3(b)(1), which gives the Supreme Court jurisdiction to hear appeals from “decisions of district courts of appeal initially and directly passing on the validity of a state statute.” Should we pass upon the constitutional question in this appeal our decision would not be initial, it would be secondary in the sense that we would be reviewing the trial court decision. And we wonder if we did accept jurisdiction, what further appellate rights the parties would have. It would seem from the foregoing quote that they would have no right to appeal to the Supreme Court inasmuch as our decision would not meet the criteria of initially passing upon the statute’s validity. This surely can not be the case, as in our judgment the framers clearly intended and provided that the Supreme Court would be the ultimate arbiter of constitutional questions.
Except for the fact that defendant has a right to a F.A.R. 4.2 appeal, the defendant, upon final judgment, could challenge the constitutionality of the statute and that ap-' peal would then lie in the Supreme Court without question. We recognize of course that discretionary certiorari might be sought of this interlocutory order but this ignores the fact that defendant is entitled, without court discretion, to an appeal and a decision as we have mentioned.
All circumstances considered, the Clerk will please transfer this appeal to the Supreme. Court of Florida per F.A.R. 2.1a. (5)(d).
It is so ordered.
CROSS and DOWNEY, JJ., concur.