QUESTION: May the governing body of a municipality in Broward County validly adopt an ordinance providing that no Broward County ordinance shall be effective within that municipality unless and until approved by that governing body?
SUMMARY: An ordinance of a Broward County municipality which purports to make the effectiveness of all Broward County countywide ordinances within that municipality contingent upon the approval of that municipality's governing body appears violative of s. 1(i), Art. VIII, State Const., providing that county ordinances shall be filed with the Secretary of State and shall become effective at such time thereafter "as is provided by general law." According to your letter, the City Council of the City of Margate has adopted an ordinance (No. 76-6) providing that no ordinance of Broward County shall become effective within that city until approved by the city council. You contend that such municipal ordinance is unconstitutional. It is clear that a county, whether operating under a charter or noncharter government, may adopt an ordinance applicable throughout the county — in the incorporated, as well as the unincorporated, areas thereof — when such ordinance deals with a subject matter that is susceptible of countywide regulation. Accord: Attorney General Opinion 071-223. Moreover, the Florida Constitution provides that each county ordinance "shall be filed with the secretary of state and shall become effective at such time thereafter as is provided by general law," s. 1(i), Art. VIII, State Const.; and, according to general law, a county ordinance shall become effective upon receipt of official acknowledgment from the Department of State that said ordinance has been filed therewith, or at a later date prescribed in the ordinance, s.125.66(1), F. S. Accordingly, the Board of County Commissioners of Broward County may adopt an ordinance applicable throughout that county, which ordinance shall become effective upon the county's receipt of an acknowledgment of filing from the Department of State or at a later date prescribed in the ordinance. Moreover, since neither s. 125.66(1), F. S., nor any other provision of general law authorizes a municipality to alter or modify in any way the effective date of county ordinances in general, it would appear that the governing body of the City of Margate may not adopt a municipal ordinance which has as its purpose and effect the avoidance or delay of the effectiveness of all Broward County ordinances within that city. Thus, I am of the opinion that, to the extent the municipal ordinance in question purports to make the effectiveness of all Broward County countywide ordinances within that city contingent upon the approval of that city's governing body, such municipal ordinance is constitutionally infirm. In reaching the foregoing conclusion, I have not overlooked that provision of s. 1(g), Art. VIII, State Const., which states that, in a county operating under a charter government, "[t]he charter shall provide which shall prevail in the event of conflict between county and municipal ordinances"; or s. 8.04 of the Broward County Charter, which provides, generally, that "any county ordinance in conflict with a municipal ordinance shall not be effective within the municipality to the extent of such conflict." However, in my opinion, both of these provisions, when read within the context in which they appear, see Burnsed v. Seaboard Coastline R. Co., 290 So.2d 13,16 (Fla. 1974), are concerned with substantive conflict between particular county and municipal ordinances regulating the same subject matter and do not authorize a Broward County municipality to adopt an ordinance delaying or otherwise making contingent the effectiveness therein of a Broward County ordinance which is not in conflict with any ordinance of that municipality on the same subject matter. Cf. s. 1(f), Art. VIII, State Const., which provides in part that a noncharter county ordinance "in conflict with a municipal ordinance shall not be effective within the municipality to the extent of such conflict"; and Commentary, 26A F.S.A., p. 271.