Mr. Robert Bruce Snow County Attorney Hernando County P.O. Box 2060 112 North Orange Avenue Brooksville, Florida 33512
Dear Mr. Snow:
This is in response to your request for my opinion on the following questions:
 1. CAN THE BOARD OF COUNTY COMMISSIONERS LEVY AN AD VALOREM TAX ON "ASSESSED VALUE" OF PROPERTY WITHIN A MUNICIPAL SERVICE TAXING UNIT CREATED PURSUANT TO SECTION 125.01(1)(q), FLORIDA STATUTES?
 2. IS THE HOMESTEAD EXEMPTION APPLICABLE TO AD VALOREM TAX LEVIES AGAINST PROPERTIES BEING SERVED BY A SINGLE PURPOSE MUNICIPAL TAXING UNIT?
QUESTION ONE
Section 125.01(1), F.S. (1984 Supp.), reads in pertinent part that:
 (1) The legislative and governing body of a county shall have the power to carry on county government. To the extent not inconsistent with general or special law, this power includes, but is not restricted to, the power to:
* * *
 (q) Establish, and subsequently merge or abolish those created hereunder, municipal service taxing or benefit units for any part or all of the unincorporated area of the county, within which may be provided fire protection, law enforcement, beach erosion control, recreation service and facilities, water, streets, sidewalks, street lighting, garbage and trash collection and disposal, waste and sewage collection and disposal, drainage, transportation, and other essential facilities and municipal services from funds derived from service charges, special assessments, or taxes within such unit only. It is declared to be the intent of the Legislature that this paragraph is the authorization for all counties to levy additional taxes, within the limits fixed for municipal purposes, within such municipal service taxing units under the authority of the second sentence of s. 9(b), Art. VII of the State Constitution.
 (r) Levy and collect taxes, both for county purposes and for the providing of municipal services within any municipal service taxing unit, and special assessments; borrow and expend money; and issue bonds, revenue certificates, and other obligations of indebtedness, which power shall be exercised in such manner, and subject to such limitations, as may be provided by general law. There shall be no referendum required for the levy by a county of ad valorem taxes, both for county purposes and for the providing of municipal services within any municipal service taxing unit. (e.s.)
It is evident from the above cited provision of s 125.01(1)(q), F.S., that the Legislature intended this paragraph to be the authorization for counties to levy additional taxes, within the boundaries of municipal service taxing units provided that such tax is within the limits fixed for municipal purposes.
Counties are authorized pursuant to ss 125.01(1)(q) and (1)(r), F.S., to establish municipal service districts within which may be provided municipal services and to levy, without voter approval, additional taxes, within the limits fixed for municipal purposes. Cf., AGO 84-23. In Gallant v. Stephens, 358 So.2d 536, 540
(Fla. 1978), the Florida Supreme Court held that ss 125.01(1)(q) and 125.01(1)(r), F.S., were constitutional, concluding that the last sentence of s 9(b), Art. VII, State Const., provides express authority for ss 125.01(1)(q) and 125.01(1)(r), F.S., which sanction "taxing units as a method by which counties may tax to provide municipal services, within the 10 mill limit for `municipal purposes'. . . ." Similarly, in Tucker v. Underdown,356 So.2d 251 (Fla. 1978), the above cited provisions were also held constitutional. Also see, AGO 84-52. Further, s 200.071(3), F.S., provides that any county, through a municipal service taxing unit for its unincorporated areas providing services or facilities of the kind or type commonly provided by municipalities, may levy additional ad valorem taxes not to exceed 10 mills to pay for the services provided by the municipal servicing taxing unit.
An ad valorem tax on "assessed value" of property within a municipal service taxing unit falls within the language and intent of s 125.01(1)(q), F.S. Therefore, the answer to your first question is answered in the affirmative.
QUESTION TWO
The merits of question two were addressed in part in AGO 074-296 which dealt with the levy of ad valorem taxes and the homestead exemption by a special purpose district. As stated therein ad valorem taxes levied by counties, municipalities, school districts, and special districts are to be imposed on real and personal property which is not exempt or immune from taxation. See, s 196.001, F.S. It was further stated that in the cases of property which is granted a homestead exemption taxes may be levied "against the assessed value of the property less the homestead exemptions provided for by Art. VII, s. 6, State Const. . . ." And see, s 196.031(1), F.S. (1984 Supp.), as amended by Ch. 85-232, Laws of Florida, which states in pertinent part: "Every person who has the legal title or beneficial title in equity to real property in this state . . . is entitled to an exemption from all taxation, except for assessments for special benefits. . . ." (e.s.)
In light of the above, the homestead exemption is applicable. Therefore, the answer to your second question is also in the affirmative.
In conclusion, I am of the opinion that a county is authorized to establish a municipal service taxing unit within which may be provided municipal services and to levy an ad valorem tax on assessed value of property within such municipal service taxing unit less the applicable homestead exemptions.
Sincerely,
Jim Smith Attorney General
Prepared by:
J.C. O'Steen Assistant Attorney General