Mr. Neal D. Bowen Osceola County Attorney 17 South Vernon Avenue, Room 155 Kissimmee, Florida 32741-5498
Dear Mr. Bowen:
This is in response to your request for an Attorney General's Opinion on substantially the following question:
 WHETHER THE MILLAGE LEVIED BY THE OSCEOLA COUNTY BOARD OF COUNTY COMMISSIONERS FOR A MUNICIPAL SERVICE TAXING UNIT CREATED PURSUANT TO s. 125.01(1)(q), F.S., MUST BE INCLUDED WITHIN THE TEN MILL CAP PRESCRIBED BY s. 200.071(1), F.S., OR THE ADDITIONAL TEN MILL AD VALOREM LEVY AUTHORIZED BY s. 200.071(3), F.S.?
You state that the municipal service taxing unit in question was created pursuant to s. 125.01(1)(q), F.S., to provide fire protection services and encompasses only a specific portion of the unincorporated area of the county.
It is provided in s. 9(b), Art. VII, State Const., that ad valorem taxes, with certain exceptions not relevant here, shall not be levied in excess of the following millages upon the assessed value of real estate and tangible personal property: ten mills for all municipal purposes; ten mills for all county purposes; for all special districts (excluding those established for water management purposes in specified areas of the state) a millage authorized by law and approved by vote of the electors who are owners of freeholds in such districts and not wholly exempt from taxation. This constitutional provision also specifically states that "[a] county furnishing municipal services may, to the extent authorized by law, levy additional taxes within the limits fixed for municipal purposes."
Section 125.01(1)(q), F.S., authorizes the governing body of a county, to the extent not inconsistent with general or special law, to establish and subsequently merge or abolish municipal service taxing or benefit units for part or all of the unincorporated area of the county. Within such districts the following services may be provided: fire protection, law enforcement, beach erosion control, recreation service and facilities, water, streets, sidewalks, street lighting, garbage and trash collection and disposal, waste and sewage collection and disposal, drainage, transportation, and other essential facilities and municipal services. Such services may be provided from funds derived from service charges, special assessments or taxes imposed only within the unit. Paragraph (1)(q) further provides that "[i]t is declared to be the intent of the Legislature that this paragraph is the authorization for all counties to levy additional taxes, within the limits fixed for municipal purposes, within such municipal service taxing units under the authority of the second sentence of s. 9(b), Art. VII of the State Constitution." And see, s. 125.01(1)(r), F.S., which authorizes counties to "[l]evy and collect taxes, both for county purposes and for the providing of municipal services within any municipal service taxing unit, and special assessments. . . ." See, Gallant v. Stephens, 358 So.2d 536
(Fla. 1978) in which ss. 125.01(1)(q) and (1)(r) which together authorize counties to create municipal service taxing units having the power to impose ad valorem taxes without voter approval were held constitutional; see also, Tucker v. Underdown, 356 So.2d 251
(Fla. 1978). As this office noted in AGO 85-83, it is evident from s. 125.01(1)(q), F.S., that the Legislature intended this provision to be the authorization for counties to levy additional taxes within the boundaries of municipal service taxing units provided that such taxes are within the limits fixed for municipal purposes (ten mills). See also, AGO's 84-52 and 75-258. Cf., AGO 84-23.
Section 200.071(1), F.S., states that:
 Except as otherwise provided herein, no ad valorem tax millage shall be levied against real property and tangible personal property by counties in excess of 10 mills, except for voted levies. (e.s.)
Thus the clear language of this section provides an exception from the ten mill county ad valorem tax millage limit for voted levies and as otherwise provided in s. 200.071, F.S.
Subsection (3) of s. 200.071, F.S., sets forth an exception to the provisions of s. 200.071(1), F.S. As stated therein:
 In any county which, through a municipal service taxing unit covering a specific area of the county not within the boundaries of any municipality, provides services or facilities of the kind or type commonly provided by municipalities, there may be levied, in addition to the millages otherwise provided in this section, against real property and tangible personal property within each such municipal service taxing unit an additional ad valorem tax millage not in excess of 10 mills to pay for such services or facilities provided with the funds obtained through such levy within such municipal service taxing unit.
This subsection in plain terms authorizes the levy within each municipal service taxing unit of an additional ten mill ad valorem tax to pay for the services or facilities which the district provides, in addition to the millages otherwise provided in s.200.071, F.S. The general rule is that where language is unambiguous, the clearly expressed intent must be given effect, and there is no room for construction. Fine v. Moran, 77 So. 533,536 (Fla. 1917). See also, Clark v. Kreidt, 199 So. 333 (Fla. 1940); Osborne v. Simpson, 114 So. 543, 544 (Fla. 1927) (where a statute's language is plain, definite in meaning without ambiguity, it fixes the legislative intention, and interpretation and construction are not needed). And see, Reino v. State, 352 So.2d 853 (Fla. 1977); State v. Egan, 287 So.2d 1 (Fla. 1973); Holly v. Auld,450 So.2d 217 (Fla. 1984).
Therefore, it is my opinion, until legislatively or judicially determined otherwise, that, pursuant to s. 200.071(3), F.S., an ad valorem tax millage not in excess of ten mills may be levied by the Osceola County Board of County Commissioners for a municipal service taxing unit created pursuant to s. 125.01(1)(q), F.S., and that such millage may be levied in addition to the ten mill maximum ad valorem tax millage which the county may levy pursuant to s. 200.071(1), F.S.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General