Mr. Neal D. Bowen County Attorney Osceola County 17 South Vernon Street Kissimmee, Florida 32741
Dear Mr. Bowen:
You ask the following question:
 With regard to municipal service taxing units established pursuant to s. 125.01(1)(q)1., F.S., does the additional ten mill cap provided for by s. 200.071(3), F.S., apply to each municipal service taxing unit encompassing the same or portions of the same area or must all the millage levied for all such taxing units not exceed the ten mills in the aggregate?
In sum, I am of the opinion that:
 The millage levied for all municipal service taxing units created pursuant to s. 125.01(1)(q)1., F.S., by a county to provide municipal services within all or part of the unincorporated area of the county may not exceed ten mills in the aggregate.
Section 9(b), Art. VII, State Const., provides in pertinent part:
 Ad valorem taxes, exclusive of taxes levied for the payment of bonds and taxes levied for periods not longer than two years when authorized by vote of the electors . . . shall not be levied in excess of the following millages upon the assessed value of real estate and tangible personal property: for all county purposes, ten mills; for all municipal purposes, ten mills. . . . A county furnishing municipal services may, to the extent authorized by law, levy additional taxes within the limits fixed for municipal purposes. (e.s.)
Section 125.01(1)(q)1. and (r), F.S., authorizes counties to establish municipal service taxing units (MSTUs) and to levy, without voter approval, additional taxes within the limits fixed for municipal purposes.[1] The Florida Supreme Court in Gallant v. Stephens[2] has stated that the last sentence of s. 9(b), Art. VII, State Const., provides express authority for s.125.01(1)(q) and (r), F.S., which sanction "taxing units as a method by which counties may tax to provide municipal services, within the 10 mill limit for `municipal purposes.' "
In accordance with the provisions of s. 9(b), Art. VII, State Const., s. 200.071, F.S., establishes limitations on millage which may be levied against real property and tangible personal property. Subsection (1) of the statute establishes a ten mill cap on county ad valorem taxes except for voted levies and "[e]xcept as otherwise provided herein." Section 200.071(3), F.S., however, provides:
 In any county which, through a municipal service taxing unit covering a specific area of the county not within the boundaries of any municipality, provides services or facilities of the kind or type commonly provided by municipalities, there may be levied, in addition to the millages otherwise provided in this section, against real property and tangible personal property within each such municipal service taxing unit an additional ad valorem tax millage not in excess of 10 mills to pay for such services or facilities provided with the funds obtained through such levy within such municipal service taxing unit.
You ask whether the above statute authorizes each MSTU to levy an additional ad valorem tax up to ten mills or whether the millage of all MSTUs created by a county is limited to ten mills. Clearly, s. 200.071, F.S., must be read in accordance with the provisions of s. 9(b), Art. VII, State Const.[3]
While counties furnishing municipal services are authorized to levy additional taxes and may create MSTUs to provide such services, the levy of such additional taxes is not unrestricted. Such a levy is authorized only "within the limits fixed for municipal purposes."[4] Pursuant to s. 9(b), Art. VII, State Const., the limit for millages levied "for all municipal purposes" is ten mills. (e.s.)
Thus, a county providing municipal services in the unincorporated areas of the county is authorized to levy an additional ten mills for all municipal purposes. The limitation relates to the provision of municipal services, not to the number of taxing units created to provide such services. The creation of one MSTU or several such units within a county to provide municipal services, therefore, would appear to be irrelevant to the ten mill limitation. The limitation encompasses all municipal purposes or services provided by the county, regardless of whether those services are provided through a single MSTU or several MSTUs.[5]
Accordingly, I am of the opinion that the millage levied for all municipal service taxing units established by a county pursuant to s. 125.01(1)(q)1., F.S., to provide municipal services within all or part of the unincorporated area of the county is limited to ten mills in the aggregate.
Sincerely, Robert A. Butterworth Attorney General
* * *
* * *
[1] Section 125.01(1)(q)1. and (r), F.S., provides in part: (1) The legislative and governing body of a county shall have the power to carry on county government. To the extent not inconsistent with general or special law, this power includes, but is not restricted to, the power to:
 (q)1. Establish, and subsequently merge or abolish those created hereunder, municipal service taxing or benefit units for any part or all of the unincorporated area of the county, within which may be provided . . . essential facilities and municipal services from funds derived from service charges, special assessments, or taxes within such unit only. It is declared to be the intent of the Legislature that this paragraph is the authorization for all counties to levy additional taxes, within the limits fixed for municipal purposes, within such municipal service taxing units under the authority of the second sentence of s. 9(b), Art. VII of the State Constitution.
 (r) Levy and collect taxes, both for county purposes and for the providing of municipal services within any municipal service taxing unit. . . . There shall be no referendum required for the levy by a county of ad valorem taxes, both for county purposes and for the providing of municipal services within any municipal service taxing unit.
[2] 358 So.2d 536, 540 (Fla. 1978).
[3] See, Burnsed v. Seaboard Coastline Railroad Company,290 So.2d 13 (Fla. 1974); Williams v. City of Jacksonville, 160 So. 15
(Fla. 1935); State ex rel. Johnson v. Goodgame, 108 So. 836
(Fla. 1926) (must be assumed that Legislature intended valid enactment rather than one contrary to Constitution and statute should be construed accordingly). See generally, Department of Legal Affairs v. Rogers, 329 So.2d 257 (Fla. 1976); City of St. Petersburg v. Siebold, 48 So.2d 291 (Fla. 1950) (where two or more interpretations can reasonably be given to a statute, the one that will sustain its validity should be given).
[4] See, s. 9(b), Art. VII, State Const., and s. 125.01(1)(q)1., F.S.
[5] See, e.g., Webster's Third New International Dictionary All 54 (unabridged ed. 1981) (the whole number, quantity or amount); 3A C.J.S. All 244-245 (each and every, everything); Black's Law Dictionary All 98 (4th rev.ed. 1968). And see, Tucker v. Underdown,356 So.2d 251, 253 (Fla. 1978), in which The Florida Supreme Court stated: "Independently, we know of no reason why a multiplicity of taxing units within a county would be any less consistent with the Constitution than would one unit for the entire unincorporated area of the county."