313 So.2d 683 (1975)
NORTH PORT BANK, Etc., Appellant,
v.
STATE of Florida, DEPARTMENT OF REVENUE, et al., Appellees.
No. 45613.
Supreme Court of Florida.
April 16, 1975.
Rehearing Denied June 30, 1975.
*684 John Patterson of Icard, Merrill, Cullis, Timm & Furen, Sarasota, for appellant.
Robert L. Shevin, Atty. Gen., Harold F.X. Purnell and E. Wilson Crump, II, Asst. Attys. Gen., Larry Levy and William B. Corbett, Jr., Tallahassee, for appellees.
BOYD, Justice.
This cause is before us on an interlocutory appeal from the Circuit Court for Leon County. Our jurisdiction is based upon the fact that the trial court in its Order on Motions to Dismiss passed upon the validity of Section 199.242(3), Florida Statutes.[1]
The facts of the case are as follows.
This action was filed by Appellant bank in the Circuit Court of Sarasota County because of a controversy over certain documentary stamp taxes and intangible taxes which were assessed by the Department of Revenue against Appellant in connection with various promissory notes and mortgages that were executed in favor of Appellant. In Count II of the Complaint, Appellant alleged that the Department of Revenue had assessed and demanded payment from it of additional documentary stamp and intangible taxes and penalties as a result of the subject transactions; that these additional taxes were improper and illegal; that the penalties assessed under Section 201.17(2)(b), Florida Statutes, were unconstitutional; and that neither the Appellee-Comptroller nor the Appellee-Department of Revenue should be permitted to collect such additional taxes and penalties. It is noted that not only does Count *685 II fail to allege payment of these taxes and assessments, but that it is undisputed that the contested assessment has not been paid by Appellant. Upon motion for change of venue, the cause was transferred to the Circuit Court of the Second Judicial Circuit, Leon County. Thereafter, both Appellees moved to dismiss the complaint on the ground that Appellant had failed to comply with Section 199.242(3), Florida Statutes. These motions alleged that the contested taxes and assessments were not paid prior to commencement of the action. Section 199.242(3), Florida Statutes, requires Appellant to tender into the Court and to file with its complaint the full amount of the State's assessment complained of, including penalties, or, alternatively, to file with the complaint a cash or surety bond in such an amount. At the hearing held on all motions, Appellant admitted noncompliance with the statute, asserting its unconstitutionality; thereafter, the trial court granted Appellees' motions to dismiss as to Count II, specifically ruling that Section 199.242(3), Florida Statutes, is constitutional.[2] It is from this Order on Motions to Dismiss that this direct interlocutory appeal is brought.
It is Appellant's position that this section is unconstitutional because (1) it violates Article I, Section 21, of the Florida Constitution in that it denies Appellant access to the courts; (2) it violates the equal protection clause of both the Florida and United States Constitutions; (3) it denies Appellant constitutional due process; and (4) it violates Article V, Section 1, of the Florida Constitution by delegating to an administrative agency the judicial power which is vested in the various courts. To support this position, Appellant observes that the 1968 Florida Constitution provides that the courts shall be open to every person for redress of any injury,[3] which suggests to Appellant that this is "clearly less restrictive" than former Section 4 under the 1885 Constitution, which provided that judicial redress was limited to cases involving injury to lands, goods, persons or reputation. It is Appellant's position that, prior to the enactment of the challenged section, taxpayers of this state had full and free access to its courts to challenge the legality of intangible taxes sought to be imposed by the state without the necessity of prior payment of that portion of the tax challenged. Observing that Section 199.242(3), Florida Statutes, became effective subsequent to the enactment of the 1968 Constitution, Appellant argues that, since the state has the burden of showing an overpowering public necessity for the enactment of this statute, the state has available to it a reasonable alternative, i.e., the procedure established by Section 194.171 (4) and Section 194.192(2), Florida Statutes, relating to real property, which read as follows:
"Section 194.171(4) Florida Statutes:
"No action to contest a tax assessment may be maintained unless all taxes on the property which the taxpayer in good faith admits to be owing, including taxes assessed in years after the action is brought, are paid before they become delinquent."
"Section 194.192(2) Florida Statutes:
"If the court finds that the amount of tax owed by the taxpayer is greater than the amount the taxpayer has in good faith admitted and paid, it shall enter judgment against the taxpayer for the deficiency and for interest on the deficiency at the rate of 8% per annum from the date the tax became delinquent or from January 1, 1971, whichever is later, and at the rate of 6% per annum for any period of delinquency before January 1, 1971. If it finds that the amount of tax which the taxpayer has admitted to be owing is grossly disproportionate to the amount of tax found to be due and that the taxpayer's admission was not made in good faith, the court shall also assess a penalty at the rate of 10% of the deficiency per annum from the date the tax became delinquent."
*686 Appellant compares Section 199.242(3), Florida Statutes, with Section 194.171(4), Florida Statutes, and concludes that the former creates a classification by which taxpayers of intangible taxes are required to pay the full amount of the taxes claimed due by the taxing authority prior to the institution of litigation to challenge the validity of the tax, although other categories of taxpayers are without such restrictions. While recognizing that such classification is constitutionally permissible if there is a just, fair and practical basis for it, Appellant argues that the legislative classification created by Section 199.242(3), Florida Statutes, between the intangible taxpayers and other taxpayers is arbitrary, capricious, and unconstitutional. Additionally, Appellant argues that Section 199.242(3), Florida Statutes, prevents judicial review of an agency decision concerning intangible taxes made without the protection of the safeguards of procedural due process until the taxes and penalties are paid or a cash or surety bond is filed; to Appellant, this constitutes a denial of its rights of substantive due process. Finally, Appellant maintains that Section 199.242(3), Florida Statutes, unconstitutionally delegates the judicial power of the state to the Department of Revenue by requiring a taxpayer to pay a tax that may be illegal prior to commencing suit in Circuit Court; Appellant asserts that this precludes the exercise of the court's equitable power in granting injunctions to prevent the collection of such taxes. Appellant considers that the net result is that an administrative determination by the Department of Revenue has the effect of a final judgment of a constitutional court, which is constitutionally impermissible.
In his brief, the Appellee-Comptroller argues, inter alia, (1) that, in light of the nature of intangible property, the classification established by Section 199.242(3), Florida Statutes, is not an unreasonable one; (2) that the taxpayer is provided alternatives by that section so that payment of tax need not be made prior to filing suit; and (3) that, where intangibles are involved, it is not unreasonable to require a taxpayer to show good faith during litigation so long as all taxpayers in the same category are treated equally. Appellee-Comptroller also denies any delegation of judicial powers and any denial of due process in connection with Section 199.242(3), Florida Statutes.
Appellee-Department of Revenue submits, inter alia, (1) that the classification created by Section 199.242(3), Florida Statutes, is neither arbitrary nor unreasonable but is, instead, a logical one; (2) that where an assessment is deemed prima facie correct, as in the case sub judice, the statutory requirement that a bond be posted as a security for the payment of such taxes is not unreasonable; (3) that, since Appellant affirmatively alleges that it has received notice of the assessment and that it has exhausted all administrative remedies, it cannot be heard to predicate a denial of due process on that of which it has refused to avail itself; and (4) that, as argued by Appellee-Comptroller, Section 199.242(3), Florida Statutes, does not involve an unlawful *687 delegation of judicial authority to an administrative agency.
In our opinion, the transitory nature of intangible taxes justifies the state in adopting methods of collection which differ from those used to collect real property ad valorem taxes. Liens can be effectively imposed upon lands and improvements, but intangible property and its owners sometimes are difficult or impossible to locate.
Assessment and collection of taxes are problems of the utmost importance to the government and property owners alike. No government can exist without income, and taxation is its principal source. The owners of property can never forget that the power to tax is the power to destroy. Those who assess and collect taxes, like other human beings, make mistakes. The only nonviolent defense is legal action against the government.[4]
We think the statute requiring payment of the taxes, depositing the amounts claimed by the state into the registry of the court or, alternatively, posting bond for such amounts, if construed literally and without regard to Article I, Section 21, of the Constitution, would deny to Appellant access to the courts specifically granted by the Constitution and would deny due process and equal protection of the law.
The learned trial judge construed the statute, saying:
"... The statute does not require the taxpayer to post a bond in the amount of the contested assessment but only requires that it post a bond upon the satisfaction of the Court's judgment as to the proper tax."
It is an established maxim of statutory construction that courts have the judicial obligation to sustain legislative enactments when possible.[5]
It seems logical and reasonable that, whenever a taxpayer feels the intangible taxes assessed are too high, the administrative remedies should first be exhausted; and, if the amount is still unsatisfactory, the taxpayer can either comply literally with Section 199.242(3), Florida Statutes, or, alternatively, petition the Court to fix the amount to deposit in the registry of the Court or to post as bond pending the outcome of the litigation. Immediately upon filing such petition for judicial review, if the Court finds the Petitioner has not literally complied with its above provision, the Court should hold a preliminary hearing to set such amounts and condition of the bond or funds to be deposited in the Court registry. Such assessments are considered prima facie correct[6] and unless this presumption is overcome by the taxpayer to require reduction, the amounts claimed should be set by the Court as proper. If the taxpayer does not comply with the conditions set by the Court, the suit should be dismissed. Such dismissal could be appealed only if supersedeas fixed by the Court is posted to protect the state against loss occurring during litigation or caused by the delay.
Accordingly, the judgment of the Circuit Court being reviewed is affirmed subject to the construction herein and the cause is remanded to the court for such further proceedings as may be consistent with this decision.
It is so ordered.
ADKINS, C.J., ROBERTS, McCAIN and OVERTON, JJ., and DuVAL, Circuit Judge, concur.
NOTES
[1] Article V, Section 3(b) (3), Florida Constitution, West's F.S.A., Burnsed v. Seaboard Coastline Railroad Company, 290 So.2d 13, 15, 16 (Fla. 1974).
[2] Section 199.242(3), Florida Statutes:

"In any action involving the legality of any tax or penalty assessed under this chapter, the court shall inquire into and determine the legality and validity of the assessment and shall issue decrees setting aside such assessment or any part of the same which is contrary to law. The complainant shall in every case, except where the taxes assessed, including penalties, have been paid to the department prior to the institution of suit, tender into court and file with the complaint the full amount of the assessment complained of, including penalties, or file with the complaint a cash bond or a surety bond endorsed by a surety company authorized to do business in this state or by such sureties as may be approved by the court, condition to satisfy any judgment or decree in full, including the taxes complained of, costs, and penalties."
[3] 21. Access to Courts. The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay."
[4] Id.
[5] Sebesta v. Miklas, 272 So.2d 141 (Fla. 1972); Armstrong v. City of Edgewater, 157 So.2d 422 (Fla. 1963); Lipe v. City of Miami, 141 So.2d 738 (Fla. 1962); cf. Delmonico v. State, 155 So.2d 368 (Fla. 1963).
[6] Section 199.232(5) ((b), Florida Statutes.