BOOTH, Judge.
This cause is before us on appeal from the final order of the State Board of Medical Examiners [Board], appellee herein, revoking the license of appellant [licensee] to practice; staying revocation pending licensee’s participation in an approved program of medical education and clinical training; providing for a one year period of structured, supervised practice, and thereafter for re-assessment of the status of appellant’s license.
The cause originated with the filing of a complaint by the Board charging appellant with violation of Florida Statute § 458.-1201(l)(p) (1977), in pertinent part, as follows:
“(1) The board shall have authority to deny an application for a license or to discipline a physician licensed under this chapter or any antecedent law who, after hearing, has been adjudged unqualified or guilty of any of the following: ******
(p) Being removed or suspended, or having disciplinary action taken, by his peers within any professional medical association, society, professional standards review organization established pursuant to. s. 249F of Public Law 92-603, or similarly constituted professional body, whether or not such association, society, organization, or body is local, regional, state, national, or international in scope, or by being disciplined by a licensed hospital or medical staff of said hospital for immoral or unprofessional conduct or wilfull misconduct or negligence by the person in his capacity as a physician licensed pursuant to this chapter. Any body taking action as set forth in this paragraph shall report such action to the board within 30 days of its occurrence or be subject to a fine assessed by the board in an amount not exceeding $500.”
The basis of the complaint filed against licensee was the disciplinary action taken by the Sacred Heart Hospital, resulting in suspension of appellant’s operating room privileges.
Thereafter, two hearings were had before a hearing officer, which hearings involved consideration of live testimony as well as review of the transcript of the hospital disciplinary proceedings. The members of the Board reviewed the transcript of the hearings and imposed the penalty stated in the first paragraph of this opinion.
On appeal, appellant attacks the constitutionality of Florida Statute § 458.1201(l)(p) on the ground that it is an unlawful delegation of legislative authority. We disagree. The disciplinary action taken by the hospital is the incident for, and forms the basis of, the filing of a complaint against a licensee. The statute has not been construed by the Board to allow a hospital’s disciplinary action to work an automatic forfeiture of a physician’s license or other penalty. That the statute could be susceptible of that construction was the basis of this Court’s statement by way of dictum in Rogers v. State Board of Medical Examiners, 371 So.2d 1037 (Fla. 1st DCA 1979), acknowledging, that several recent decisions “cast grave doubts on the statute’s validity,” as an unlawful delegation of authority. The statute, however, has not been construed by the Board in such a manner as to render it subject to the doubts expressed in the Rogers case. A construction given to a statute by the agency charged with its administration is highly persuasive with the court, Walker v. Department of Transportation, 366 So.2d 96 (Fla. 1st DCA 1979); Price Wise Buying Group v. Nuzum, 343 So 2d 115 (Fla. 1st DCA 1977), 30 Fla. Jur., Statutes § 109, particularly where that interpretation clears any doubts as to the constitutionality *1124 of the provision in question. North Port Bank v. State Department of Revenue, 313 So.2d 683, 687 (Fla.1975).
One of the obvious purposes of § 458.-1201(l)(p) is to require reporting to the Board of disciplinary action taken against a licensee by a peer group. Such disciplinary action forms the basis of filing of a complaint against a licensee, but is not determinative of the Board’s actions with respect to its duties under Chapter 458, Florida Statutes. The licensee is entitled to a hearing and the background and circumstances of the disciplinary proceeding by peer groups are subject to review by the Board.
„In the instant case there were two hearings, and, in addition, the Board members reviewed transcripts of the proceedings, which transcript included the hospital disciplinary proceedings. The Board had the opportunity to evaluate the hospital proceedings- and was free to interpret those proceedings as bearing on the licensee’s fitness to practice. The Board’s final order recites the evidence as to procedures performed in a particular case wherein the patient died, found that such procedures “constituted outrageously bad medical care” and stated:
It was further noted that based upon the entire transcript, a long litany of such cases are documented.

In addition to poorly designed and poorly documented experimental procedures on patients without scientific rationale and without any conformed [sic] consent, the record shows a finding of probable fraud in at least one instance.
And, yet, from the record, the licensee does not appear to admit that he may have been wrong or that he even may have made an error. In the opinion of Dr. Brill, which opinion is shared by a majority of the Board, the licensee’s perceptions are very badly flawed and his insight is very poor. It was the Board’s feeling that to merely take away the licensee’s hospital privileges and confine him to an office practice does nothing to protect the public from his demonstrated poor judgment and possible incompetence. It was the Board’s feeling that in order to protect the public and at the same time make an effort to rehabilitate the licensee, something must be done to further his professional education and enable him to self-assess his professional judgment. . .
The other issues on appeal, dealing with the procedures followed below, have been considered and found to be without merit.
Accordingly, the Order below is AFFIRMED.
MILLS, C. J., and LARRY G. SMITH, J., concur.