BOYD, Justice.
This cause is before the Court on appeal from a decision of the District Court of Appeal, First District, which passed upon the constitutionality of a state law. Bryan v. State Board of Medical Examiners, 381 So.2d 1122 (Fla. 1st DCA 1979).
The State Board of Medical Examiners instituted disciplinary proceedings against appellant Dr. Rupert Don Bryan pursuant to section 458.1201(l)(p), Florida Statutes (1977). The statute provides:
(1) The board shall have authority to deny an application for a license or to discipline a physician licensed under this chapter or any antecedent law who, after hearing, has been adjudged unqualified or guilty of any of the following:
[[Image here]]
(p) Being removed or suspended, or having disciplinary action taken, by his peers within any professional medical association, society, professional standards review organization established pursuant to s. 249F of Public Law 92-603, or similarly constituted professional body, whether or not such association, society, organization, or body is local, regional, state, national, or international in scope, or by being disciplined by a licensed hospital or medical staff of said hospital for immoral or unprofessional conduct or willful misconduct or negligence by the person in his capacity as a physician licensed pursuant to this chapter. Any body taking action as set forth in this paragraph shall report such action to the board within 30 days of its occurrence or be subject to a fine assessed by the board in an amount not exceeding $500.
The proceeding was brought because the internal disciplinary procedures of a hospital resulted in the suspension of Dr. Bryan’s operating room privileges. The state board appointed a physician as hearing officer and an informal hearing was held. The board did not present any evidence since Dr. Bryan admitted the disciplinary action the hospital had taken against him.
Dr. Bryan testified concerning the specific charges brought against him by the hospital. The hearing officer found that Dr. Bryan’s practices in testing surgical patients for allergies were below acceptable standards of medical practice. The officer *1355 recommended that Dr. Bryan be placed on probation for two years and that he be restrained from utilizing the kinds of testing procedures in question.
The state board remanded the case to the hearing officer to consider the transcript of the hospital’s internal disciplinary proceeding, which was not available at the time of the first hearing. At the second hearing, this transcript was introduced into evidence. In addition, two doctors testified concerning two cases which Dr. Bryan had handled inadequately. The hearing officer modified his report and recommended that Dr. Bryan not be permitted to perform major surgery.
Upon review by the State Board of Medical Examiners, the hearing officer’s recommendation was rejected. Instead the board suspended Dr. Bryan’s license to practice medicine for 180 days during which time he was to participate in a medical education and clinical'training program. Upon completion of the program, Dr. Bryan would be permitted to resume the practice of medicine, but only in a structured, supervised environment. After a probationary period of one year, the board was to reassess the case.
Dr. Bryan appealed the final action of the board, contending, inter alia, that section 458.1201 is an unconstitutional delegation of legislative authority. The district court construed the statute to be valid. Bryan v. State Board of Medical Examiners, 381 So.2d 1122 (Fla. 1st DCA 1979). We adopt that court’s opinion and affirm its decision.
It is so ordered.
SUNDBERG, C. J., and ADKINS, OVER-TON, ENGLAND, ALDERMAN and MCDONALD, JJ., concur.