553 So.2d 1297 (1989)
Jose Miguel MIRABAL, Appellant,
v.
The STATE of Florida, DEPARTMENT OF REVENUE, Appellee.
No. 89-979.
District Court of Appeal of Florida, Third District.
December 12, 1989.
Robert M. Haggard, Charles G. White, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Lee R. Rohe, Asst. Atty. Gen., Tallahassee, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and NESBITT, JJ.
PER CURIAM.
The appellant seeks review of a final order of dismissal in an action involving a *1298 tax levy and assessment. The order reads in part as follows:
"1. According to its own allegations, Plaintiff's Complaint seeks `equitable relief' and contests the `legality of a tax assessment pursuant to Florida Statutes Section 72.011.'
2. Under § 72.011(3)(b)1, Fla. Stat., a Plaintiff contesting the legality of any tax, etc., must:

`(b) 1. Tender into the registry of the court with the complaint the amount of the contested assessment complained of, including penalties and accrued interest, unless this requirement is waived in writing by the executive director of the department; or
2. File with the complaint a cash bond or a surety bond for the amount of the contested assessment endorsed by a surety company authorized to do business in this state, or by any other security arrangement as may be approved by the court, and conditioned upon payment in full of the judgment, including the taxes, costs, penalties, and interest, unless this requirement is waived in writing by the executive director of the department.'
It is noted that the above statutory requirements must be met when a complaint is filed. The key statutory phrases are `Tender into the registry of the court with the complaint' or `file with the complaint.'
If these requirements cannot be met at the time of filing a complaint then a Plaintiff must either obtain a written waiver from the executive director of the department prior to filing the complaint or obtain some kind of security arrangement as may be approved by the Court and conditioned upon payment in full of the judgment, including the taxes, costs, penalties and interest.
3. In this case, Plaintiff did not obtain a written waiver at the time of filing the complaint, but merely argued he is `seeking' one. Further, Plaintiff did not request a security arrangement by motion at the time of bringing suit.
4. This Court, under the express language of the statute, cannot grant `judicial exemptions' since the provision for `other security arrangement' has to be conditioned upon payment in full of the judgment. An `exemption' is not a `security arrangement.' Moreover, only the executive director of the Department of Revenue can waive the above-mentioned statutory requirements.
It is clear from the terms of the statute itself that at the time of filing the complaint the Plaintiff herein should have: (1) tendered with the complaint the amount of the contested assessment, or (2) filed a cash or surety bond, or (3) already obtained a written waiver from the Department of Revenue or, (4) requested by motion a `security arrangement' at the time of bringing this cause of action.
5. As per § 72.011(5), Fla. Stat., the requirements of § 72.011 are `jurisdictional.' Therefore, without Plaintiff having satisfied any of the requirements of § 72.011, including the alternative requirements of either a written waiver or a motion for security arrangement, this Court is without subject matter jurisdiction."
We find no merit and affirm. Bystrom v. Diaz, 514 So.2d 1072 (Fla. 1987); North Port Bank v. State, Dept. of Revenue, 313 So.2d 683 (Fla. 1975); Department of Revenue v. Rudd, 545 So.2d 369 (Fla. 1st DCA 1989); Markham v. Hinckley, 544 So.2d 1139 (Fla. 4th DCA 1989); Hirsch v. Crews, 494 So.2d 260 (Fla. 1st DCA 1986); Clark v. Cook, 481 So.2d 929 (Fla. 4th DCA 1985); Henry v. Lemac Builders, Inc., 245 So.2d 115 (Fla. 3d DCA 1971); Miami Super Cold Co. v. Giffin Industries, Inc., 178 So.2d 604 (Fla. 3d DCA 1965).
Affirmed.