WARNER, Judge,
concurring in part, dissenting in part.
The appellant brought an action under Chapter 72 contesting a tax imposed pursuant to Chapter 212, Florida Statutes. The taxpayer did not tender the amount of the tax ($2,434,452) into the registry of the court, nor did he file a cash bond, nor did he obtain a waiver of these requirements by the Department of Revenue, all as is required under section 72.011(3)(b)l as a jurisdictional prerequisite to maintaining the action. Instead, in the petition filed he requested alternatively for the court to accept an individual surety bond or other arrangements as set forth in the statute. The statute permits the jurisdictional requirement to be met by any other security arrangement acceptable to the court. Section 72.011(3)(b)2, Fla.Stat.
Nearly two months later the Department moved to dismiss for lack of subject matter jurisdiction claiming that appellant failed to meet these jurisdictional requirements at the time of filing of the complaint. In response, appellant filed a motion to approve a security arrangement. However, the lower court held that since appellant had not sought a preliminary hearing “immediately” upon filing the complaint he had missed the jurisdiction deadline.
This case is very similar to Mirabal v. Dept. of Revenue, 553 So.2d 1297 (Fla. 3d DCA 1989) in which the Third District held that appellant, having failed to satisfy the requirements of § 72.011 by filing a motion for security arrangement, upon the filing of the complaint, the court lacks subject matter jurisdiction. In this case, the appellant did not file a separate motion but requested relief in the petition itself.
In North Port Bank v. State Dept. of Revenue, 313 So.2d 683 (Fla.1975), in construing a similar statutory provision the supreme court stated:
the taxpayer can either comply literally with Section 199.242(3), Florida Statutes, or, alternatively, petition the Court to fix the amount to deposit in the registry of the Court or to post as bond pending the outcome of the litigation. Immediately upon filing such petition for judicial review, if the Court finds the Petitioner has not literally complied with its above provision, the Court should hold a preliminary hearing to set such amounts and condition of the bond or funds to be deposited in the Court registry. Such assessments are considered prima facie correct (footnote omitted) and unless this presumption is overcome by the taxpayer to require reduction, the amounts claimed should be set by the Court as proper. If the taxpayer does not comply with the conditions set by the Court, the suit should be dismissed.
Id. at 687. Thus, under North Port if the taxpayer petitions the court to set a security arrangement, the court holds a hearing and sets a bond and if the requirements are not met the suit is dismissed.
I do not deem it significant that the request for a court approved security arrangement is made in the petition itself *92 rather than by a separate motion. Nor do I deem it jurisdictionally material that appellant did not set an immediate hearing on his petition for a security arrangement. Certainly fulfilling the deposit or security arrangement is a jurisdictional prerequisite to the continued prosecution of the action but it does not seem inconsistent with North Port or the statute itself to. allow the appellant who requests in his petition that the court approve an alternative security arrangement to be afforded a hearing on the issue of the security arrangement before the suit is dismissed for lack of jurisdiction on that ground. The trial court could not approve a security arrangement before a suit was filed. Therefore, the fact that the appellant did not file his request on a separate paper and on the same date secure a hearing should not control the jurisdictional inquiry. I would hold that the filing of the request for the alternative security arrangement in the petition was sufficient. The court may then hold a hearing and determine what security arrangements are acceptable. Since any security arrangement must be “conditioned upon payment in full of the judgment....”, section 72.011(3)(b)2, Florida Statutes, this may not amount to much relief for appellant, and the ultimate result may be the dismissal of the action. Nevertheless, appellant, in my view, is entitled to go through with the process.
On the other issues raised in this appeal, I also would affirm.