623 So.2d 747 (1992)
DEPARTMENT OF REVENUE, State of Florida, Appellant,
v.
NU-LIFE HEALTH AND FITNESS CENTER, Appellee.
No. 92-4.
District Court of Appeal of Florida, First District.
December 30, 1992.
Opinion Clarifying Disposition on Rehearing August 30, 1993.
*748 Robert A. Butterworth, Atty. Gen., and Leland L. McCharen, Asst. Atty. Gen., Tallahassee, for appellant.
Larry E. Levy, Tallahassee, for appellee.
ZEHMER, Judge.
The Florida Department of Revenue appeals an adverse final judgment in this action by Nu-Life Health and Fitness Center to contest tax assessments allegedly owed pursuant to chapter 212, Florida Statutes (1986-1988). The circuit court denied the Department's motion to dismiss for lack of subject matter jurisdiction and entered final judgment for Nu-Life on the merits of its complaint. The Department asserts error in the circuit court's ruling that the provisions in section 72.011(3), Florida Statutes (1989), specifying the jurisdictional prerequisites for filing an action in circuit court to contest the legality of a tax assessment made under chapter 212, are unconstitutional. It also asserts that the circuit court erroneously entered judgment for Nu-Life on the merits of its action. We reverse the ruling that section 72.011(3) is unconstitutional and remand with directions to dismiss the complaint for lack of subject matter jurisdiction based on Nu-Life's failure to comply with that section.
In December 1988, the Department issued two warrants for the collection of delinquent sales taxes under chapter 212 allegedly owed by Nu-Life for the months of January 1, 1986, through November 1, 1988. In February 1989, Nu-Life filed its complaint in circuit court, alleging that these assessments were illegal, null, and void. Nu-Life also alleged that the requirements in section 72.011(3)  that a taxpayer post a bond or tender a deposit in the court registry in the amount of the assessed taxes and penalties as a jurisdictional condition to its proceeding in circuit court  unconstitutionally deprived it of the right to reasonable access to courts as guaranteed in article I, section 21, of the Florida Constitution, and constituted an unlawful delegation of legislative authority to the executive director of the Department to determine whether to waive the deposit or bond requirement. The Department moved to dismiss the complaint on the ground that the circuit court lacked subject matter jurisdiction because Nu-Life had not paid the assessed taxes and had failed to follow any of the conditions to maintaining this suit as required by section 72.011(3).
After a pretrial hearing, the circuit court denied the Department's motion to dismiss. Agreeing with Nu-Life, the court ruled that section 72.011(3) is unconstitutional because it denies aggrieved taxpayers such as Nu-Life access to courts as provided in the Florida Constitution, and it unlawfully delegates legislative authority to determine when and under what conditions and circumstances a bond will be required. The court entered final judgment for Nu-Life, ruling that the challenged assessments were illegal, null, and void.[1]
On appeal, the Department first challenges the circuit court's ruling that section 72.011(3) violates article I, section 21, of the Florida Constitution, governing access to courts. Section 72.011(3), Florida Statutes (1989), reads:
(3) In any action filed in circuit court contesting the legality of any tax, interest, or penalty assessed under a section or chapter specified in subsection (1), the plaintiff must:
(a) Pay to the applicable department the amount of the tax, penalty, and accrued interest assessed by such department which is not being contested by the taxpayer; and either
(b) 1. Tender into the registry of the court with the complaint the amount of the contested assessment complained of, including penalties and accrued interest, unless this requirement is waived in writing by the executive director of the applicable department; or
2. File with the complaint a cash bond or a surety bond for the amount of the contested assessment endorsed by a surety *749 company authorized to do business in this state, or by any other security arrangement as may be approved by the court, and conditioned upon payment in full of the judgment, including the taxes, costs, penalties, and interest, unless this requirement is waived in writing by the executive director of the applicable department.
Failure to pay the uncontested amount as required in paragraph (a) shall result in dismissal of the action and imposition of an additional penalty in the amount of 25 percent of the tax assessed.
In North Port Bank v. State, Department of Revenue, 313 So.2d 683 (Fla. 1975), the supreme court held that a similar statute did not violate the Florida constitutional provision for access to courts. Section 199.242(3), Florida Statutes (1975), required that prior to filing any court action contesting the legality of a tax or penalty assessed under chapter 199, unless the assessed taxes and penalties had been paid, the complainant must

tender into the court and file with the complaint the full amount of the assessment complained of, including penalties, or file with the complaint a cash bond or a surety bond endorsed by a surety company authorized to do business in this state or by such sureties as may be approved by the court, conditioned to satisfy any judgment or decree in full, including the taxes complained of, costs, and penalties.
(Emphasis added.) The court observed that, if construed literally and without regard to the constitutional requirement of access to courts, section 199.242(3) would deny the taxpayer access to courts specifically granted by the Florida Constitution. The court continued by stating, however, that courts have the judicial obligation to sustain legislative enactments whenever possible and upheld the validity of section 199.242(3) by construing its provision in a manner that avoided the apparent unconstitutional aspects of the literal statutory language. The court stated:
It seems logical and reasonable that, whenever a taxpayer feels the intangible taxes assessed are too high, the administrative remedies should first be exhausted; and, if the amount is still unsatisfactory, the taxpayer can either comply literally with Section 199.242(3), Florida Statutes, or, alternatively, petition the Court to fix the amount to deposit in the registry of the Court or to post as bond pending the outcome of the litigation. Immediately upon filing such petition for judicial review, if the Court finds the Petitioner has not literally complied with its above provision, the Court should hold a preliminary hearing to set such amounts and condition of the bond or funds to be deposited into the Court registry. Such assessments are considered prima facie correct and unless this presumption is overcome by the taxpayer to require reduction, the amounts claimed should be set by the Court as proper. If the taxpayer does not comply with the conditions set by the Court, the suit should be dismissed. Such dismissal could be appealed only if supersedeas fixed by the Court is posted to protect the state against loss occurring during litigation or caused by the delay.
Thus, in North Port Bank, the supreme court read section 199.242(3) as providing an alternative to literal compliance with the statute. If the taxpayer did not tender and file with the complaint the full amount of the assessment and penalties or file a cash or surety bond conditioned to satisfy any judgment or decree in full, including the taxes complained of, costs, and penalties, the taxpayer could petition the court to fix the amount to deposit in the registry of the court or fix the amount of the bond pending the outcome of the litigation.
Section 72.011(3) merely implements this aspect of the court's decision in North Port Bank. This section contains two alternatives to tendering the full amount of the contested assessment, including penalties and interest, for filing in the court registry, or filing a cash or surety bond conditioned on payment of the judgment, including the taxes, costs, penalties, and interest. The taxpayer may either obtain a written waiver of these requirements from the executive director of the Department or file a motion for an alternative security arrangement to be approved by the court. Thus, section 72.011(3), unlike section 199.242(3), the statute at issue in North Port Bank, contains two express alternatives, one of which is similar to, if not the same as, the alternative the supreme court read into section 199.242(3). The rationale of the supreme court's decision in North Port *750 Bank that section 199.242(3) does not violate the constitutional provision for access to courts leads us to similarly conclude that section 72.011(3) does not deprive Nu-Life of the constitutional right of access to courts.
This conclusion is reinforced by the supreme court's decision in Bystrom v. Diaz, 514 So.2d 1072 (Fla. 1987), wherein the taxpayers challenged a 1982 tax assessment. While the suit was pending, their 1984 taxes became delinquent. The tax collector moved to dismiss pursuant to the provision in section 194.171(5), Florida Statutes (1985), that a taxpayer may not maintain a suit contesting a tax assessment, and that such an action shall be dismissed unless all taxes on the property assessed in years after the action is brought that the taxpayer in good faith admits to owing are paid before they become delinquent. The motion also relied on the provisions in section 194.171(6) that the requirements of the foregoing section are jurisdictional and a court shall lose jurisdiction of the case if the taxpayer fails to comply therewith. (A similar provision is found in section 72.011(3).) The trial court granted the motion to dismiss, although the taxpayers had paid the 1984 taxes by the time the order was entered. On appeal, the taxpayers challenged the constitutionality of the statute on the ground that it violated their constitutional right of access to courts. The supreme court affirmed the trial court's decision and upheld the constitutionality of this statutory requirement, stating:
"[A]lthough courts are generally opposed to any burden being placed on the rights of aggrieved persons to enter the courts because of the constitutional guarantee of access, there may be reasonable restrictions prescribed by law." Carter v. Sparkman, 335 So.2d 802, 805 (Fla. 1976), receded from on other grounds, Aldana v. Holub, 381 So.2d 231 (Fla. 1980). Examples of reasonable restrictions include "the fixing of a time within which suit must be brought, payment of reasonable court deposits, [and] pursuit of certain administrative relief such as zoning matters or workmen's compensation claims... ." Id. As a prerequisite to maintaining suit, subsection 194.171(5) requires only that a taxpayer pay, prior to delinquency, the undisputed amount of taxes assessed while his suit is pending. This requirement does not unreasonably restrict a taxpayer's access to court.
514 So.2d at 1075. The principles espoused by the supreme court in Bystrom and in North Port Bank support our conclusion that the restrictive conditions for filing suit in circuit court to contest the validity of a tax assessment contained in 72.011(3) are reasonable and not violative of article I, section 21, of the Florida Constitution, and that the circuit court erred in finding section 72.011(3) unconstitutional on this ground.
There is, moreover, a further reason for not holding the statute unconstitutional on this ground. A taxpayer is authorized by section 72.011 to file an administrative petition with the Division of Administrative Hearings under chapter 120 to contest the legality of any tax assessment in lieu of filing suit in circuit court. Unlike the requirement in the circuit court action, the taxpayer is authorized to file an administrative petition to have the disputed tax assessment heard by a hearing officer or panel of hearing officers without having to tender the amount of the assessment or post a bond for the disputed tax assessment. § 120.575, Fla. Stat. (1989). Only the amount of the assessment that is not contested must be paid as a condition to filing an administrative petition under this section. The administrative decision on the taxpayer's petition is reviewable in the appropriate district court of appeal pursuant to section 120.68, and this provision for review in an article V court is sufficient to satisfy the access to courts provision in article I, section 21. See Department of Agriculture and Consumer Services v. Bonanno, 568 So.2d 24 (Fla. 1990); Scholastic Systems, Inc. v. LeLoup, 307 So.2d 166 (Fla. 1974); Hill Top Developers v. Holiday Pines Service Corp., 478 So.2d 368 (Fla. 2d DCA 1985), rev. denied, 488 So.2d 68 (Fla. 1986).
We next discuss the circuit court's ruling that the waiver provision of section 72.011(3) constitutes an unlawful delegation of legislative authority and thereby renders the statute unconstitutional. In Jones v. Department of Revenue, 523 So.2d 1211 (Fla. *751 1st DCA 1988), this court explained the concept of unlawful delegation of legislative authority as follows:
Unlawful delegation refers to the power to make a law rather than the authority as to its execution; the legislature may expressly authorize designated officials within valid limitations to provide rules for the complete operation and enforcement of the law within its expressed general purpose. [Citation omitted.] Certain functions may be transferred by the legislature to permit administration of legislative policy by an agency with the expertise and flexibility needed to deal with complex and fluid conditions. [Citations omitted.] The very conditions which may operate to make direct legislative control impractical or ineffective may also, for the same reasons, make the drafting of detailed or specific legislation impractical or undesirable. [Citation omitted.]
523 So.2d at 1214.
Section 72.011(3) does not delegate to the executive director of the Department the power to make a law; rather, it authorizes the law to be applied with obviously necessary flexibility. The Department has not been shown to have exercised its delegated authority in an arbitrary or capricious manner or in excess of the statutory intent. On the contrary, pursuant to section 212.18, the Department promulgated rule 12-3.007(33), Florida Administrative Code, setting out clear, non-arbitrary guidelines for the exercise of that flexibility. Rule 12-3.007(33) states:
(33) The Executive Director may waive the requirements of Section 72.011(3)(b) or (c), Florida Statutes, under the following circumstances:
(a) When, in the judgment of the Executive Director, the financial resources of the taxpayer are sufficient to ensure that any final judgment upholding an assessment of tax, penalty and interest will be satisfied.
(b) When, in the judgment of the Executive Director, payment into the registry of the court or the obtaining of a surety bond would be manifestly unjust because of the circumstances of the assessment or of the taxpayer.
Section 72.011(3) delegates to the executive director of the Department limited authority concerning the execution of the statutory provisions in that section. The circuit court erred in ruling that section 72.011(3) amounts to an unconstitutional delegation of legislative authority.
As provided in section 72.011(5), the requirements of section 72.011(3) are jurisdictional. Since Nu-Life has not satisfied any of the requirements of section 72.011(3) and did not attempt to obtain a written waiver from the director or file a motion for a court-approved security arrangement, the final judgment must be reversed and the case remanded with directions to dismiss the complaint for lack of subject matter jurisdiction. See Mirabal v. State, Department of Revenue, 553 So.2d 1297 (Fla. 3d DCA 1989) (court affirmed a final order dismissing an action challenging a tax levy and assessment because the plaintiff failed to satisfy any of the requirements of section 72.011(3), including the alternative requirements of either a written waiver or a motion for security arrangement, and thus the court lacked subject matter jurisdiction). However, the dismissal should grant Nu-Life leave to amend the complaint, as Nu-Life may be able to cure the jurisdictional deficiencies by complying with the jurisdictional prerequisites contained in section 72.011(3). Brooks v. Interlachen Lakes Estates, Inc., 332 So.2d 681 (Fla. 1st DCA 1976) (where taxpayer failed to comply with statutory prerequisite to filing suit challenging tax assessment, trial court correctly dismissed complaint with leave to amend); Vermont Mutual Ins. Co. v. Cummings, 372 So.2d 990 (Fla. 2d DCA 1979) (the law encourages liberality in permitting amendments to pleadings unless it clearly appears that the deficiencies of the pleading cannot be cured).
The Department's final point on appeal attacks the circuit court's ruling that the tax assessments were illegal, null, and void. In respect to this argument, we note that the circuit court made its ruling pretrial in the absence of any pending motion for summary judgment, and that tax assessments such as the one at issue must be considered prima facie correct, with the burden of showing the *752 contrary on the party against whom the assessment is made. § 212.12(5)(b), Fla. Stat. (1989). However, in view of our ruling on the jurisdictional issue, it would be premature for us to reach this point at this time.
The final judgment is reversed and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
ERVIN and BARFIELD, JJ., concur.

ON MOTION FOR REHEARING
ZEHMER, Chief Judge.
The Department contends on motion for rehearing that we erred in directing the trial court to dismiss the complaint with leave to amend. We adhere to this disposition with the following clarification.
We reiterate that the requirements of section 72.011(3), Florida Statutes (1989), are jurisdictional. Whether the conduct of Nu-Life at or before the filing of the lawsuit is legally sufficient to satisfy these jurisdictional requirements is a matter of dispute between the parties. Under the statute, Nu-Life cannot, by actions taken subsequent to the filing of the lawsuit, cure the jurisdictional defects raised by the Department. Nu-Life contends, however, that its conduct prior to filing the lawsuit legally satisfied the jurisdictional requirements of the statute, although these facts were not alleged in its complaint. Since the trial court granted Nu-Life the relief it requested by declaring the jurisdictional requirements of section 72.011(3) unconstitutional, which ruling we have reversed, this case is being remanded to the trial court with directions to dismiss the complaint without prejudice solely for the purpose of allowing Nu-Life to file an amended complaint that alleges the timely occurrence of the necessary jurisdictional facts, if there is evidence that will support such allegations.
With this clarification, the motion for rehearing is denied.
ERVIN and BARFIELD, JJ., concur.
NOTES
[1] The record is unclear as to why the court determined the merits of the case at the conclusion of the pretrial hearing. The record does not contain a motion for summary judgment filed by Nu-Life, and the court did not indicate the motion on which it was ruling in entering final judgment for Nu-Life prior to trial.