WARNER, J.
The Department of Revenue (“the Department”) appeals a final summary judgment abating sales and use taxes assessed against Swago T-Shirts, Inc. (“Swago”). The Department claims that the trial court did not have subject matter jurisdiction because Swago failed ,to satisfy the" statutory jurisdiction requirements to contest the legality of the assessment, because it did not pay the taxes due or obtain the Department’s approval of an alternative security arrangement., As the trial court approved an alternative security arrangement, we hold that the jurisdictional requirements were satisfied. We therefore affirm.
The Department assessed sales and use taxes for a substantial period of time, claiming that Swago was not a registered dealer and had no tax exemption for the periods of the assessment. The total amount of those taxes was $760,034.88. Swago filed a three count complaint for declaratory relief against the Department, contending that no taxes were owed. At the same time, it filed a motion with the court to approve an alternative security arrangement under section 72.011, Florida Statutes (1995), to provide it with a security arrangement other than paying into the court' the entire amount of the taxes contested. Swago paid the amount of the assessment that it did not dispute. '
The trial court granted Swago’s motion and found that the circumstances of the case would make it unnecessary to pay the full tax, even though the Department intended to offer evidence of tax evasion. It ordered Swago to maintain the status quo with its business and forbade it to make any salary increases or encumber or transfer any asset.
The Department and Swago filed cross-motions for summary judgment on the merits of the case. The Department argued that because Swago was not registered as a dealer during the audit period as required by Chapter 212, Florida Statutes, its purchases of business materials were not exempt from sales tax. The Department claimed that Swago instructed it to cancel Swago’s dealer registration. Swago contended that it had never cancelled its dealer registration, and the Department could not prove that it did. After a hearing at which both parties contended that the evidence was undisputed, the trial court entered a final summary judgment finding that Swago was a registered dealer, and the Department bore the burden of demonstrating that Swago had cancelled its registration. It therefore abated the assessment, and the Department appealed.
The Department contends the trial court lacked subject matter jurisdiction over Swago’s complaint because Swago failed to comply with the jurisdictional requirements of section 72.011. By filing a motion for alternative security agreement, Swago satisfied the jurisdictional requirements of the statute.
“A taxpayer may contest the legality of any assessment or denial of refund of tax, fee, surcharge, permit, interest, or penalty ... by filing an action in circuit court; or, alternatively, the taxpayer may file a petition under the applicable provisions of chapter 120.” § 72.011(l)(a), Fla. Stat. (1995). Subsection 72.011(3) provides:
In any action filed in circuit court contesting the legality of any tax, interest, or penalty assessed under a section or chapter specified in subsection (1), the plaintiff must:
*763 (a) Pay to the applicable department the amount of the tax, penalty, and accrued interest assessed by the department which is not being contested by the taxpayer; and either
(b)l. Tender into the registry of the court with the complaint the amount of the contested assessment complained of, including penalties and accrued interest, unless this requirement is waived in writing by the executive director of the applicable department; or
2. File with the complaint a cash bond or a surety bond for the amount of the contested assessment endorsed by a surety company authorized to do business in this state, or by any other security arrangement as may be approved by the court, and conditioned upon payment in full of the judgment, including the taxes, costs, penalties, and interest, unless this requirement is waived in writing by the executive director of the applicable department.
Failure to pay the uncontested amount as required in paragraph (a) shall result in the dismissal of the action and imposition of an additional penalty in the amount of 25 percent of the tax assessed. Provided, however, that if, at any point in the action, it is determined or discovered that a plaintiff, due to a good faith de minimis error, failed to comply with any of the requirements of paragraph (a) or paragraph (b), the plaintiff shall be given a reasonable time within which to comply before the action is dismissed.
(Emphasis added). The requirements of section 72.011 are jurisdictional. See § 72.011(5); see also Mirabal v. State Dep’t of Revenue, 553 So.2d 1297, 1298 (Fla. 3d DCA 1989) (affirming trial court’s dismissal for lack of subject matter jurisdiction where requirements of 72.011 were not satisfied). The fact that Swago’s action is one for declaratory relief does not excuse it from complying with these jurisdictional requirements. See State Dep’t of Revenue v. Ray Constr. of Okaloosa County, 667 So.2d 859, 868 (Fla. 1st DCA 1996) (finding language in 72.011(2) that jurisdictional requirement applies to an “action” includes actions for declaratory relief).
Swago complied with 72.011(3)(a) by paying to the Department the amount of the assessment that was not contested. At the same time it filed its complaint, Swago filed a motion for an alternative security agreement requesting that it not be required to pay the full amount of the portion of the assessment contested. The trial court granted the motion, ruling that Swago did not need to post a bond.
The Department argues that Swago did not satisfy the requirements of 72.011(3)(b) because it did not develop the alternative security arrangement with the Department. It claims that Swago should have first proposed the alternative arrangement to the Department so the Department would have the opportunity to waive the requirement. According to the Department’s interpretation of 72.011(3)(b)2., the trial court is only permitted to review whether the alternative agreement ensures “payment in full of the judgment, including the taxes, costs, penalties, and interest.” The Department also contends that by granting Swago’s motion for an alternative arrangement, the court impermissibly waived the requirements of 72.011(3).
The plain reading of the statute belies the Department’s interpretation. The language of 72.01 l(3)(b)2. clearly provides that the court may approve an alternative security arrangement to that listed in the statute. It also provides that the executive director of the Department may waive the requirement that the taxpayer file a cash or surety bond with the complaint or obtain an alternative security arrange *764 ment. The Department’s ability to waive the requirements does not limit the court’s authority to approve an alternative security arrangement. In Department of Revenue v. Nu-Life Health & Fitness Center, 623 So.2d 747 (Fla. 1st DCA 1992), the court considered whether section 72.011(3) was unconstitutional for denying access to the courts. It looked to North Port Bank v. Department of Revenue, 313 So.2d 683 (Fla.1975), where the supreme court considered a similar statute. In North Port, rather than finding section 199.242(3), Florida Statutes. (1975), unconstitutional for denying taxpayers access to courts by requiring the filing of a cash or surety bond at the time of filing the complaint, the supreme court read into the statute an alternative that the taxpayer can “petition the Court to fix the amount to deposit in the' registry of the Court or to post as bond pending the outcome of the litigation.”' Nu-Life, 623 So.2d at 749. The first district determined the legislature implemented the supreme court’s decision in North Port by providing the following two express alternatives in 72.011(3): “[t]he taxpayer may either obtain a written waiver of these requirements from the executive director of the Department or file a motion for an alternative security arrangement to be approved by the court.” Id.- (emphasis added). Thus, the court found 72.011(3)‘does not deprive taxpayers of the constitutional right of access to courts. See id. at 750. Because Nu-Life did not “satisf[y] any of the requirements of section 72.011(3) and did not attempt to obtain a written waiver from the director or file a motion for a court-approved security arrangement” the district court found the trial court did not have subject matter jurisdiction to enter the judgment finding the statute unconstitutional. Id. at 751 (emphasis added).
Similarly, in Don’s Sod Co. v. Department of Revenue, 661 So.2d 896 (Fla. 5th DCA 1995), the court also approved the right of a taxpayer to move the court to post a lesser bond or make alternative security arrangements. Id. at 900-01. The court-approved alternative security arrangement obtained by Swago was sufficient to satisfy the requirements of 72.011(3)(b)2. The statute does not require Swago to obtain the Department’s approval of the alternative agreement. The fact that the statute expressly provides that the director of the Department can waive the requirements in 72.011(3)(b)2. does not deprive the trial court of the discretionary power to approve an alternative arrangement. Because the court approved an alternative security arrangement, the jurisdictional requirements were met and the court had subject matter jurisdiction to hear the case.
All of the remaining issues raised by the Department in the case are premised on its contention that Swago was not a registered dealer, a fact that it contends was undisputed. However, the court found that the evidence showed that Swago was a registered dealer and was designated as such on the Department’s own records. The Department could not prove that Swa-go cancelled its registration. While on appeal,' the Department contends that the court erred in placing on it the burden of proving that Swago’s transactions were exempt. The Department is mistaken. The evidence showed that Swago was a registered dealer and therefore under the statutes would be exempt from the sales and use taxes assessed by the- Department. What the trial court found was that the Department failed to prove or offer competent evidence that Swago had cancelled its registration as the Department contended.
The Department does not argue that there were material issues of fact preclud *765 ing entry of summary judgment. We therefore affirm.
STONE and STEVENSON, JJ., concur.