VAN NORTWICK, J.
PageNet, Inc. appeals a final order dismissing with prejudice its lawsuit challenging sale and use tax assessments in the amount of $843,637.17 which were levied by the Department of Revenue, appellee. In the order on appeal, the trial court ruled that it lacked the authority to set an alternative security arrangement under section 72. 011 (3) (b)2, Florida Statutes (2001), and that, since PageNet did not fulfill any of the other conditions in section 72.011(3), Florida Statutes (2001), the court did not have subject matter jurisdiction over the action. Because the trial court erred in concluding that it lacked the authority to establish an alternative security arrangement, we reverse and remand for further proceedings.
Before a taxpayer can pursue its statutory remedy to challenge an assessment in circuit court, see section 72.011(l)(a), Florida Statutes (2001), the taxpayer must comply with one of the conditions set forth in section 72.011(3). That statute provides in pertinent part:
(3) In any action filed in circuit court contesting the legality of any tax, interest, or penalty assessed under a section or chapter specified in subsection (1), the plaintiff must:
(a) Pay to the applicable department or county the amount of the tax, penalty, and accrued interest assessed by the department or county which is not being contested by the taxpayer; and either
(b)l. Tender into the registry of the court with the complaint the amount of the contested assessment complained of, including penalties and accrued interest, unless this requirement is waived in writing by the executive director of the applicable department or by the county official designated by ordinance; or
2. File with the complaint a cash bond or a surety bond for the amount of the contested assessment endorsed by a surety company authorized to do business in this state, or by any other security arrangement as may be approved by the court, and conditioned upon payment in full of the judgment, including the taxes, costs, penalties, and interest, unless this requirement is waived in uniting by the executive director of the *826 applicable department or by the county official designated by ordinance.
(Emphasis supplied).
At the time it filed its complaint, PageN-et filed a motion for alternative security arrangement asserting that section 72.011(3)(b)2 provided the court with the authority to set an alternative security arrangement. In the motion, PageNet asked the trial court to waive the security requirements of section 72.011 on the grounds that: (1) since the complaint involved questions regarding the constitutionality of the Department’s rules as well as its application of the taxing statute, only the circuit court was permitted to hear the action; and (2) PageNet could demonstrate sufficient financial security to cover the assessments. Alternatively, PageNet asked for any other relief the court deemed just and appropriate including, but not limited to, setting a lesser alternative security amount. Simultaneously, pursuant to section 72.011(3)(b)2, PageNet requested from the Department a waiver of the requirement for posting bond. This request was denied.
The Department argued below that, because the Department’s executive director had not waived the bond or security requirements at the time of the filing of the complaint, PageNet was obligated to file a cash bond or make some security arrangement that guaranteed “payment in full of the judgment, including costs, penalties, and interest” in accordance with the Department’s interpretation of section 72.011(3)(b)2. The Department asserted that, absent such a bond or waiver by the Department, the circuit court did not have subject matter jurisdiction to proceed.
After a hearing, the circuit court dismissed the complaint without prejudice and set forth four options for PageNet to perfect the court’s jurisdiction: (1) PageN-et could tender into the court registry the amount of the contested tax assessment, including penalties and accrued interest; (2) PageNet could file a cash bond or surety bond for the contested amount; (3) PageNet could obtain a waiver from the Department’s executive director of the cash/bond requirements; or (4) PageNet could “obtain from [the Department’s] executive director and file with an amended complaint an alternative security arrangement that may be approved by the court which ... [was] conditioned upon payment in full of the judgment, including the taxes, costs, penalties and interest, in accordance with section 72.011(3)(b)2, Florida Statutes (2001).” [1]
PageNet was either unable or unwilling to exercise the first three options in the trial court’s order. As to the fourth, Pa-geNet argued that the trial court could set an alternative security arrangement without the concurrence of the Department of Revenue. Thereafter, when none of the four options were exercised in the time allotted, the circuit court entered the order appealed dismissing the case with prejudice determining that “it could not, on its own cognizance, substitute its judgment for that of the Department of Revenue’s executive director and waive the cash/bond requirement of section 72.011(3)(b), Florida Statutes.” The trial court ruled that it was “without subject matter jurisdiction to determine the matter complained of.” This appeal ensued.
The issue before us is whether the circuit court possesses subject matter jurisdiction over an action challenging a tax assessment pursuant to section 72.011(3) when the taxpayer files a motion requesting the court to approve an alternative security arrangement, but does not fulfill *827 either the tender or bond conditions of section 72.011(3)(b) and does not obtain a waiver from the executive director of the Department or the concurrence of the Department to the alternative security arrangement. We find persuasive the reasoning of the Fourth District Court of Appeal in Department of Revenue v. Swago T-Shirts, Inc., 877 So.2d 761 (Fla. 4th DCA 2004), rev. denied, Table No. SC04-1836, 889 So.2d 71, 2004 WL 2979731 (Fla. November 17, 2004), a case involving nearly identical issues. We agree with the Swago court that, by filing a motion for alternative security arrangement at the time it filed its complaint, PageNet satisfied the jurisdictional requirements of section 72.011(3). Id. at 762. See also Department of Revenue v. Nu-Life Health & Fitness Center, 623 So.2d 747, 751 (Fla. 1st DCA 1992).
In Swago, the Department argued that the taxpayer had not complied with section 72.011(3)(b) “because it did not develop the alternative security arrangement with the Department.” Swago, 877 So.2d at 763 (emphasis in original). There, the Department contended that the taxpayer must make the financial arrangements.with the Department and the circuit court’s role was limited “to review whether the alternative agreement ensures ‘payment in full of the judgment, including the taxes, costs, penalties, and interest.’ ” Id. The Stvago court addressed these arguments, saying:
The plain reading of the statute belies the Department’s interpretation. The language of 72.011(3)(b)2. clearly provides that the court may approve an alternative security arrangement to that listed in the statute. It also provides that the executive director of the Department may waive the requirement that the taxpayer file a cash or surety bond with the complaint or obtain an alternative security arrangement. The Department’s ability to waive the requirements does not limit the court’s authority to approve an alternative security arrangement
Id. at 763-64. We agree with this analysis of the Swago court.
As for the circuit court’s discretion in addressing a motion for alternative security arrangement, we agree with the reasoning of the Fifth District in Don’s Sod Co. v. Department of Revenue, 661 So.2d 896, 901 (Fla. 5th DCA 1995). There, the court explained:
Thus, we construe section 72.011(3) as allowing a taxpayer filing a suit in the circuit court to challenge a tax assessment, the right to petition the court to hold a hearing in order to allow the taxpayer to make other security arrangements in lieu of paying the full assessed contested taxes or posting a bond for the full amount. This necessarily includes the possibility that the court could set a bond sum less than the full assessed taxes, or none at all, if such requirements would deny an impover^ ished taxpayer access to the court to challenge a tax assessment. These matters are directed to the equitable powers and discretion of the court, and must be determined on a case-by-case basis.
On remand, the trial court must consider PageNet’s proposed alternative security arrangement and evidence supporting such arrangement; and, based upon the evidence before it, may either grant, grant in part'or as modified by the court, or deny the-request, in its discretion.
REVERSED and REMANDED for further proceedings consistent with this opinion.
ALLEN AND PADOVANO, JJ., concur.

. PageNet took a premature appeal from this order. See PageNet, Inc. v. State Department of Revenue, 843 So.2d 1027 (Fla. 1st DCA 2003).